

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00273-CR

———————————————

SHARON DENISE SANDERS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 6
Tarrant County, Texas
Trial Court No. 1453072

---

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Appellant Sharon Denise Sanders appeals from her conviction for misdemeanor driving while intoxicated (DWI). Sanders asserts that the blood-alcohol analysis of her seized blood specimen violated the Fourth Amendment because it was performed without a warrant. She additionally argues that a $25 fee that was statutorily assessed is unconstitutional because the fee is not allocated for a legitimate criminal-justice purpose. Because the Court of Criminal Appeals and this court have decided these questions squarely against Sanders's arguments, we overrule her issues and affirm the trial court's judgment.

## I. SEARCH WARRANT AND BLOOD-ALCOHOL ANALYSIS

Sanders was arrested for DWI and did not consent to provide a blood specimen. Based on the arresting officer's probable-cause affidavit, a search warrant issued authorizing the seizure of Sanders's "BLOOD." Sanders's blood specimen was drawn, and an analysis of the specimen revealed that her blood-alcohol content approximately two hours after her arrest was 0.174, well over the legal limit. *See* Tex. Penal Code Ann. § 49.01(2)(B). Sanders filed a pretrial motion to suppress the analysis results because the warrant authorized only the seizure of her blood specimen, not the resulting blood-alcohol analysis. The trial court denied the motion, the results were admitted at trial, and a jury found Sanders guilty of misdemeanor DWI. *See id.* § 49.04(a), (d).

Sanders now argues on appeal, as she did in the trial court, that the constitutional infirmities in the search warrant required the trial court to suppress the results of the blood-alcohol analysis. Sanders does not challenge her arrest or the legality of the seizure of her blood specimen. Instead, she focuses on the fact that the warrant did not specifically authorize the subsequent analysis of the specimen. In her estimation, the Fourth Amendment required either a separate warrant for the analysis or a "reference" to the analysis in the warrant.

In a case factually indistinguishable from this appeal, the Court of Criminal Appeals has held that a magistrate's probable-cause determination in issuing a warrant authorizing seizure of a blood specimen sufficiently authorizes the analysis of the blood-alcohol content of the specimen, even though such analysis is not specified in the warrant:

> Here, the State obtained the blood sample by way of a magistrate's determination that probable cause existed to justify its seizure—for the explicit purpose of determining its evidentiary value to prove the offense of [DWI]. That magistrate's determination was sufficient in this case to justify the chemical testing of the blood. And this is so, we hold, even if the warrant itself did not expressly authorize the chemical testing on its face.

*Crider v. State*, 607 S.W.3d 305, 308 (Tex. Crim. App. 2020), *petition for cert. filed*, (U.S. Dec. 11, 2020) (No. 20-823); *see also Jacobson v. State*, 603 S.W.3d 485, 491–92 (Tex. App.—Fort Worth 2020, pet. ref'd) (holding same). Neither the presented facts here nor Sanders's suppression arguments compel us to disregard this binding precedent from the Court of Criminal Appeals and hold otherwise. Accordingly, we conclude

that the Fourth Amendment did not, as a matter of law, require the suppression of Sanders's blood-alcohol concentration at trial.

## II. ASSESSED FEE

Sanders contends that the statute requiring the assessment of a $25 fee "for the trying of the case by the district or county attorney" upon a misdemeanor conviction violates the Texas Constitution's separation-of-powers protection. *See* Tex. Const. art. II, § 1; Tex. Code Crim. Proc. Ann. art. 102.008(a). Sanders bases this argument on her assertion that the fee is "not expended for criminal justice purposes," rendering the fee a court-imposed tax.

Indeed, if the statute under which a fee is assessed does not provide for its allocation to be expended for legitimate criminal-justice purposes, the fee's assessment unconstitutionally turns the trial court into a tax gatherer. *Salinas v. State*, 523 S.W.3d 103, 109 n.26 (Tex. Crim. App. 2017); *see, e.g., Casas v. State*, 524 S.W.3d 921, 925–27 (Tex. App.—Fort Worth 2017, no pet.) (holding statutory cost for emergency medical services unconstitutional because intended use of funds was not for a legitimate criminal-justice purpose). However, we have clearly held that the district-attorney fee Sanders challenges here is, in fact, properly allocated to legitimate criminal-justice purposes; thus, it does not violate the separation of powers and is not an unconstitutional tax. *Tyler v. State*, 563 S.W.3d 493, 500–03 (Tex. App.—Fort Worth 2018, no pet.); *see also Moreno v. State*, No. 02-19-00298-CR, 2020 WL 1465993, at *1 (Tex. App.—Fort Worth Mar. 26, 2020, pet. ref'd) (per curiam) (mem. op., not

4

designated for publication) (describing as "settled" constitutionality of Article 102.008(a)'s district-attorney fee). Sanders offers no reason to revisit our prior holdings on this issue.

### III. CONCLUSION

Binding precedent from the Court of Criminal Appeals and from this court compel our holdings that the warrant for the seizure of Sanders's blood specimen also authorized the subsequent blood-alcohol analysis and that the district-attorney fee is constitutional. Accordingly, we overrule Sanders's issues and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 11, 2021